IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,617-01






EX PARTE GREGORY LEE RUSSELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,613-A IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine with intent to deliver and sentenced to 78 years' imprisonment. The Sixth Court
of Appeals affirmed his conviction. See Russell v. State, No. 06-05-00219-CR, (Tex. App.-
Texarkana, 2006, pet. ref'd.) (not designated for publication).

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to request that an accomplice-witness instruction be given with regards to the jury's
consideration of Crystal Keller's testimony. He also alleges that counsel was ineffective for failing
to raise a hearsay objection when Stephanie Smith's affidavit was admitted into evidence and for
failing to make sure that Smith testified at trial so that he could have impeached her testimony on
cross-examination. He also alleges that counsel was ineffective for failing to call Lisa Green, Martha
Russell, Summer Green, Henry Houston, and Intha Vaughan to testify in the guilt phase of trial. 
Further, Applicant alleges that counsel was ineffective for failing to investigate whether there was
any mitigating evidence available to present at punishment. Finally, Applicant alleges that counsel
was ineffective for failing to file a motion for continuance so that he would have had more time to
prepare for trial. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984). 

 On December 17, 2008, this Court remanded this application so that the record could be
supplemented with an affidavit from trial counsel. On March 19, 2009, the trial court filed a motion
requesting additional time to resolve the fact issues as trial counsel Terry Cox had died. On April
13, 2009, this Court granted the trial court's motion for an extension of time. On May 27, 2009, the
trial court entered findings of fact and conclusions of law recommending that relief be denied on the
basis of laches. However, the record does not support a finding of laches. To assert laches the State
must: "(1) make a particularized showing of prejudice, (2) show that the prejudice was caused by
the petitioner having filed a late petition, and (3) show that the petitioner has not acted with
reasonable diligence as a matter of law." Ex parte Carrio, 992 S.W.2d 486, 488 (Tex. Crim. App.
1999). In this case, Applicant's former counsel Christina Wedding is still available to respond to
Applicant's allegations of ineffective assistance of counsel. The record reflects that Applicant filed
his 11.07 application in the convicting court approximately thirteen months after his conviction
became final. At that time, Cox was still available and could have responded to Applicant's
allegations of ineffective assistance of counsel. The record reflects that Applicant has diligently
worked on his 11.07 application and has submitted ample evidence in support of his claims. On this
record, we find that Applicant's claims are not barred by laches. Ex parte Carrio, 992 S.W.2d 486,
488. Therefore, we return the record to the trial court so that the trial court can resolve the remaining
fact issues. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. The trial court shall order Applicant's former counsel
Christina Wedding to file an affidavit addressing the following: (1) whether trial counsel had a
strategic reason for not requesting that the trial court give an accomplice witness instruction with
regards to the jury's consideration of Keller's testimony and, if so, shall detail such reason; (2)
whether trial counsel had a strategic reason for not objecting to the admission of Smith's affidavit
and, if so, shall detail such reason; (3) whether trial counsel had a strategic reason for not impeaching
Smith's testimony on cross-examination and, if so, shall detail such reason; (4) whether trial counsel
had a strategic reason for not calling Lisa Green, Martha Russell, Summer Green, Henry Houston,
and Intha Vaughan to testify in the guilt phase of trial and, if so, shall detail such reason; (5) whether
trial counsel had a strategic reason for not presenting mitigating evidence at punishment and, if so,
shall detail such reason; and, (6) whether trial counsel had sufficient time to prepare for trial. Also,
the trial court shall order appellate counsel to file a supplemental affidavit addressing the following:
(1) whether appellate counsel discussed Applicant's case with trial counsel; (2) whether appellate
counsel reviewed trial counsel's file when he was preparing the case for appeal; (3) whether trial
counsel informed appellate counsel that his actions and/or inactions in Applicant's case were
strategically motivated and if so, shall detail such strategies; and, (4) whether appellate counsel
believes that trial counsel rendered ineffective assistance of counsel in this case and, if so, shall
detail the basis for such belief. Finally, the trial court shall attempt to locate defense counsel's file
and issue a subpoena for discovery of the file if necessary. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall also make findings of fact as to whether trial counsel had a strategic
reason for not requesting an accomplice-witness instruction be given with regards to the jury's
consideration of Keller's testimony. The trial court shall make findings of fact as to whether counsel
had a strategic reason for not objecting when Smith's affidavit was admitted. The trial court shall
make findings of fact as to whether counsel had a strategic reason for not impeaching Smith's
testimony on cross-examination. The trial court shall make findings of fact as to whether counsel
had a strategic reason for not calling Lisa Green, Martha Russell, Summer Green, Henry Houston,
and Intha Vaughan to testify in the guilt phase of trial. The trial court shall make findings of fact as
to whether counsel had a strategic reason for not introducing mitigating evidence at punishment. The
trial court shall make findings of fact as to whether counsel needed more time to prepare for trial. 
The trial court shall make findings of fact as to whether appellate counsel believes that trial counsel
rendered ineffective assistance of counsel in Applicant's case. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 21, 2009

Do not publish